UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

TWYLA BROWN, o/b/o  J.B.,

              Plaintiff,

      -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

            Defendant.

**DECISION and ORDER**
**No. 1:12-CV-1062(MAT)**

———————————————————————

## I.   Introduction

Twyla Brown ("Plaintiff") brought this action on behalf of her infant son, JB, pursuant to Title XVI of the Social Security Act. Plaintiff's attorney, Kenneth R. Hiller, Esq., has filed a motion pursuant to 42 U.S.C. § 406(b) ("the Section 406(b) Motion") requesting attorney's fees in the sum of $12,281.29 in connection with his firm's successful representation of Plaintiff.

## II.  Background

On March 12, 2009, Plaintiff filed an unsuccessful application for Supplemental Security Income ("SSI") on behalf of JB. After an administrative hearing on February 16, 2011, an administrative law judge issued an unfavorable decision on March 9, 2011. The Appeals Council denied Plaintiff's request for review on September 4, 2012. Plaintiff timely instituted this action.

On April 14, 2012, the Court reversed the decision of the Commissioner of Social Security ("the Commissioner") denying JB's application for SSI and remanded the matter for the calculation and payment of benefits. Plaintiff's counsel indicates that the

Commissioner issued a Notice of Award stating that JB's past-due benefits total $49,125.16.

Meanwhile, Plaintiff's counsel applied for and was granted $7,100.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). However, as of the date of the Section 406(b) Motion, those funds had not been issued to him.

In the Section 406(b) Motion, Plaintiff's counsel seeks attorney's fees in the amount of $12,281.29, which represents 25 percent of the amount of past-due benefits awarded to JB ($49,125.16). Plaintiff's counsel has submitted time-sheets indicating that he, along with his colleague, Ida Comerford, Esq., expended 39.1 hours in the representation of Plaintiff. This yields an hourly rate of $314. Plaintiff's counsel indicates that upon receipt of any attorney's fees granted in connection with the present motion, he will refund to Plaintiff the $7,100.00, previously awarded under the EAJA.

The Commissioner filed a response (Dkt #32) stating that she does not object to the award of fees or the amount of fees requested.

For the reasons discussed below, the Section 406(b) Motion is granted in its entirety.

## II. Applicable Legal Principles

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may

determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court resolved the circuit-split as to the method to be used to calculate fees under Section 406(b) in favor of giving effect to contingent fee agreements between claimants and their attorneys. "Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807 (citation omitted). Furthermore, Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807 (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by the Social Security Act and the Supreme Court in Gisbrecht.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time

counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

## III. Discussion

On September 28, 2009, Plaintiff entered into a Fee Agreement with counsel, pursuant to which she agreed that if she received SSI benefits on behalf of JB, the attorney fee would be 25 percent of the past due benefits. See Dkt #30-4. Therefore, the contingent fee agreement at issue does not go above the 25 percent boundary set by Section 406(b).

With regard to the first factor, whether the requested fee is in line with the "character of the representation and the results the representation achieved," the Court finds that it is. Plaintiff's counsel's briefing in this case was effective and achieved a reversal and remand for payment of benefits—the most successful result possible for Plaintiff. Thus, this factor weighs in favor of finding reasonableness.

With regard to the second factor, Plaintiff's attorneys did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. Indeed, Plaintiff did not submit any requests for extensions of filing deadlines. The second factor also weighs in favor of finding reasonableness.

With regard to the "windfall" factor, the Supreme Court in Gisbrecht provided no clear guidance. See Gisbrecht, 535 U.S. at

809 (Scalia, J., dissenting opn.) ("The Court tells the judge to commence his analysis with the contingent-fee agreement, but then to adjust the figure that agreement produces on the basis of factors (most notably, the actual time spent multiplied by a reasonable hourly rate) that are, in a sense, the precise antithesis of the contingent-fee agreement. . . .") (citing id. at 808 (stating that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement")). Here, Plaintiff's counsel indicates that the rate he normally charges is $295.00 per hour, and that he has been paid this rate in other similar cases. Dkt #30-2, p. 4 of 4. Applying the traditional lodestar analysis to the amount of the requested award yields an hourly rate of $314.00, which is only $19.00 greater than Plaintiff's counsel's normal rate. Given that relatively minor difference, the Court cannot find unreasonableness in the amount of the fee requested, and the Commissioner does not disagree. Furthermore, Plaintiff's counsel's firm achieved a very favorable result for Plaintiff and should be compensated above the normal hourly fees to recognize the risks of contingent litigation. See Blizzard v. Astrue, 496 F. Supp.2d 320, 325 (S.D.N.Y. 2007) ("Inasmuch as statutory fee awards are available only for successful litigants, a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure

winners.") (citing <u>Wells v. Sullivan</u>, 907 F.2d 367, 371 (2d Cir. 1990)).

## IV.  Conclusion

For the foregoing reasons, Plaintiff's counsel's Section 406(b) Motion (Dkt #30) is granted in its entirety. Plaintiff's counsel is granted attorney's fees in the amount of $12,281.29, to be paid forthwith by the Commissioner. If the Commissioner has not yet paid Plaintiff's counsel the $7,100.00 previously awarded under the EAJA, the Commissioner shall remit payment of that amount at the same time. Within ten (10) days of Plaintiff's counsel's receipt of the attorney's fees awarded under the EAJA and Section 406(b), he shall remit $7,100.00 to Plaintiff.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         December 2, 2015